I.D. 6280752                                                                File No. J4053

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN ONYSTOK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 11-26 |
| ) | |
| ERIC WENCKOWSKI, individually and as ) | |
| agent, servant or employee of Township High ) | |
| School District 211, DAVID BLOOMFIELD, ) | |
| individually and as agent, servant or employee ) | |
| of Township High School District 211, and ) | |
| TOWNSHIP HIGH SCHOOL DISTRICT 211, ) | |
| by and through its agents, servants or employees,) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**NOW COMES** the Plaintiff, JONATHAN ONYSTOK ("hereinafter referred to as "ONYSTOK"), by and through his attorney, JAMES A. KARAMANIS of ZANE D. SMITH & ASSOCIATES, LTD., and complaining of Defendants, ERIC WENCKOWSKI, individually and as agent, servant or employee of Township High School District 211, DAVID BLOOMFIELD, individually and as agent, servant or employee of Township High School District 211, and TOWNSHIP HIGH SCHOOL DISTRICT 211, by and through its agents, servants or employees, alleges as follows:

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and supplementary jurisdiction, as codified in 28 U.S.C. § 1367(a).

## PARTIES

2. JONATHAN ONYSTOK, is, and at all times material was, a citizen of the State of Illinois and the United States.

3. ERIC WENCKOWSKI was employed by TOWNSHIP HIGH SCHOOL DISTRICT 211(hereinafter referred to as "TOWNSHIP"), on March 19, 2010, the date JONATHAN ONYSTOK alleges said employee committed the misconduct complained of herein, as the Vice Principal at William Fremd High School.

4. DAVID BLOOMFIELD was employed by TOWNSHIP, on March 19, 2010, the date JONATHAN ONYSTOK alleges said employee committed the misconduct complained of herein, as the School Police Officer at William Fremd High School.

5. TOWNSHIP is a duly incorporated municipal corporation and is the employer of the above referenced Defendant, ERIC WENCKOWSKI, and owned or other operated, managed and maintained a school located at 1000 South Quentin Road, in the city of Palatine, County of Cook, Illinois, commonly known as William Fremd High School. At all times material to this Complaint, ERIC WENCKOWSKI was acting under color of state law, ordinance and/or regulation, statutes, customs and usage of TOWNSHIP.

6. TOWNSHIP is a duly incorporated municipal corporation and is the employer of the above referenced Defendant, DAVID BLOOMFIELD, and owned or otherwise operated, managed and maintained a school located at 1000 South Quentin Road, in the city of Palatine, County of Cook, Illinois, commonly known as William Fremd High School. At all times material to this Complaint, DAVID BLOOMFIELD was acting under color of state law, ordinance and/or regulation, statutes, customs and usage of TOWNSHIP.

## FACTS COMMON TO ALL COUNTS

7. At all times, it was the duty of Defendant, TOWNSHIP HIGH SCHOOL DISTRICT 211, to provide security and/or adult/teacher supervision at the school during school hours so as to

keep proper conduct, and so as to avoid injury to students and other persons lawfully at the school, including, but not limited to, Plaintiff ERIC WENCKOWSKI.

8. At all times material and relevant, Plaintiff, ONYSTOK, was registered as a student at William Fremd High School, and was otherwise legally and properly on the premises at the time of the incident at issue in this lawsuit.

9. On March 19, 2010, and immediately prior to, Plaintiff was lawfully in the school hallway walking into the school Café and preparing to go to his scheduled Room 10 (Plaintiff's homeroom).

10. At all times material and relevant, Plaintiff was in the exercise of due care and caution for his own safety, and the safety of others.

11. Nearly immediately after Plaintiff entered the school Café, Defendant, ERIC WENCKOWSKI, directed Plaintiff to accompany him to the Vice Principal's office.

12. After verbally instructing Plaintiff to come with him, Defendant WENCKOWSKI began to use excessive force by grabbing Plaintiff on the shoulder and demanded that Plaintiff accompany him to his office once again.

13. While Plainiff explained to Defendant WENCKOWSKI that he was going to his scheduled homeroom class, and while he was attempting to walk toward said class, Defendant WENCKOWSKI continually blocked Plaintiff's path and used excessive force to prohibit Plaintiff from leaving the area.

14. When Plaintiff further refused to accompany Defendant WENCKOWSKI to the office Defendant, WENCKOWSKI, violently grabbed Plaintiffs wrist, pushing him backwards, which eventually led to Defendant WENCKOWSKI charging violently at Plainiff causing him to trip and fall over a chair, causing severe injuries to Plaintiff.

15. As Plaintiff began to regain his balance, Defendant WENCKOWSKI rushed towards Plaintiff and tackled him to the ground by wrapping his arms around Plaintiff's person.

16. After Defendant WENCKOWSKI tackled Plaintiff to the ground, Defendant BLOOMFIELD jumped on top of Plaintiff twisting his arms behind his back and placed handcuffs upon Plaintiff's wrists.

17. At no time on March 19, 2010, was it necessary for Defendants WENCKOWSKI and BLOOMFIELD to strike the Plaintiff.

18. The use of excessive force initiated and utilized by Defendants WENCKOWSKI and BLOOMFIELD resulted in fracture, contusion, swelling and numbness of the Plaintiff's arm and severe bruising and bleeding to Plaintiff's shin.

19. Despite the injury to the Plaintiff's arm, and the Plaintiff's resulting medical needs, the Plainiff was neither given medical treatment by Defendants WENCKOWSKI or BLOOMFIELD nor by any agent or employee of TOWNSHIP, nor was Plaintiff allowed to phone his parents to inform them of the situation.

20. The use of force initiated and utilized by Defendants WENCKOWSKI and BLOOMFIELD was excessive, unreasonable, unnecessary and willful, and recklessly disregarded the rights of the Plaintiff.

21. The use of force initiated and utilized by Defendants WENCKOWSKI and BLOOMFIELD was excessive, unreasonable, and unnecessary in order to accomplish any task undertaken by Defendants WENCKOWSKI and BLOOMFIELD.

22. Defendants WENCKOWSKI and BLOOMFIELD willfully, and with utter disregard for the rights and safety of the Plaintiff, injured the Plaintiff, ONYSTOK. Said conduct was performed deliberately; with oppression; with such gross negligence so as to indicate a wanton disregard for the rights of the Plaintiff; and with evil motive and reckless indifference to the rights of the Plaintiff to be free from bodily injury and psychological injury.

23. The use of force initiated and utilized by Defendants WENCKOWSKI and BLOOMFIELD, and the failure of other agents or employees of Defendant, TOWNSHIP, to intervene in the use of said force, caused an excessive amount of force to be inflicted onto the body of the Plaintiff, causing him to sustain various injuries.

24. As a direct and proximate result of one or more of the aforesaid acts and omissions of the Defendants, WENCKOWSKI and BLOOMFIELD, the Plaintiff ONYSTOK, sustained serious and permanent injuries, causing pain, suffering, mental anguish and pecuniary loss both now and in the future.

## COUNT I
### (Excessive Force - Erik Wenckowski)

25. ONYSTOK re-alleges, restates and incorporates paragraphs 1-24 of this Complaint as if fully set forth herein.

26. The Defendants' actions amounted to an excessive use of force unto ONYSTOK and violated his Fourth Amendment right to be free from unreasonable seizure.

27. The above-referenced actions of the Defendant constitute and amount to excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

28. The aforementioned actions of Defendant WENCKOWSKI were the direct and proximate cause of the constitutional violations set forth above.

**WHEREFORE,** the Plaintiff, JONATHAN ONYSTOK, by and through his attorney, JAMES A. KARAMANIS of ZANE D. SMITH & ASSOCIATES, LTD. respectfully requests that this Honorable Court enter judgment against ERIK WENCKOWSKI in his favor and award him compensatory damages, punitive damages, attorneys fees, the costs incurred in this matter and any further relief for Plaintiff that this Honorable Court deems fair and just.

## COUNT II
### (Excessive Force - David Bloomfield)

29. ONYSTOK re-alleges, restates and incorporates paragraphs 1-28 of this Complaint as if fully set forth herein.

30. The Defendants' actions amounted to an excessive use of force unto ONYSTOK and violated his Fourth Amendment right to be free from unreasonable seizure.

31. The above-referenced actions of the Defendant constitute and amount to excessive force in violation of 42 U.S.C. § 1983 and the United Constitution.

32. The aforementioned actions of Defendant BLOOMFIELD were the direct and proximate cause of the constitutional violations set forth above.

**WHEREFORE,** the Plaintiff, JONATHAN ONYSTOK, by and through his attorney, JAMES A. KARAMANIS of ZANE D. SMITH & ASSOCIATES, LTD,. respectfully requests that this Honorable Court enter judgment against DAVID BLOOMFIELD in his favor and award

him compensatory damages, punitive damages, attorneys fees, the costs incurred in this matter and any further relief for Plaintiff that this Honorable Court deems fair and just.

## COUNT III
### (State Claim - Assault and Battery - Erik Wenckowski)

33. ONYSTOK re-alleges, restates and incorporates paragraphs 1-32 of this Complaint as if fully set forth herein.

34. The acts of the Defendant, WENCKOWSKI, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which ONYSTOK did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois. Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

35. The acts of the Defendant, WENCKOWSKI, as described above, placed the Plaintiff in apprehension of receiving a battery, and this constituted assault under the laws and constitution of the State of Illinois.

**WHEREFORE**, Plaintiff JONATHAN ONYSTOK, by and through his attorney, JAMES A. KARAMANIS of ZANE D. SMITH & ASSOCIATES, LTD. demands compensatory damages from the Defendant, ERIK WENCKOWSKI. The Plaintiff also demands punitive damages and costs and whatever additional relief for the Plaintiff this Court deems equitable and just.

## COUNT IV
### (State Claim - Assault and Battery - David Bloomfield)

36. ONYSTOK re-alleges, restates and incorporates paragraphs 1-35 of this Complaint as if fully set forth herein.

37. The acts of the Defendant, DAVID BLOOMFIELD, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which ONYSTOK did not consent, and thus constitute assault and battery under the laws and

constitution of the State of Illinois. Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

38. The acts of the Defendant BLOOMFIELD, as described above, placed the Plaintiff in apprehension of receiving a battery, and this constituted assault under the laws and constitution of the State of Illinois.

**WHEREFORE**, Plaintiff JONATHAN ONYSTOK, by and through his attorney, JAMES A. KARAMANIS of ZANE D. SMITH & ASSOCIATES, LTD., demands compensatory damages from the Defendant, DAVID BLOOMFIELD. The Plaintiff also demands punitive damages and costs and whatever additional relief for the Plaintiff this Court deems equitable and just

### COUNT V
### (State Claim - Willful and Wanton Conduct - Erik Wenckowski)

39. ONYSTOK, re-alleges, restates and incorporates paragraphs 1-38 of this Complaint as if fully set forth herein.

40. At all times material and relevant, the Defendant, ERIK WENCKOWSKI, owed ONYSTOK a duty to exercise reasonable care during his interaction with him, including but not limited to, during his detention of the Plaintiff.

41. Notwithstanding said duty, ERIK WENCKOWSKI engaged in the following willful and wanton conduct:

   a. Forceful and violently struck ONYSTOK on his arm, tackled him and applied handcuffs, absent any provocation, causing fracture, contusions, swelling and numbness of the Plaintiff's arm;

   b. Caused ONYSTOK to remain in the office of the school for an extended period of time; and

   c. Otherwise acted with reckless disregard for the health, safety, and medical needs of ONYSTOK.

42. As a proximate result of the above-referenced conduct, ONYSTOK sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

**WHEREFORE**, the Plaintiff, JONATHAN ONYSTOK, by and through his attorney, JAMES A. KARAMANIS of ZANE D. SMITH & ASSOCIATES, LTD., demands compensatory damages from Defendant, ERIK WENCKOWSKI. The Plaintiff also demands punitive damages and costs and whatever additional relief for Plaintiff this Court deems equitable and just.

### COUNT VI
### (State Claim - Willful and Wanton Conduct - David Bloomfield)

43. ONYSTOK, re-alleges, restates and incorporates paragraphs 1-42 of this Complaint as if fully set forth herein.

44. At all times material and relevant, the Defendant, DAVID BLOOMFIELD, owed ONYSTOK a duty to exercise reasonable care during his interaction with him, including but not limited to, during his detention of the Plaintiff.

45. Notwithstanding said duty, DAVID BLOOMFIELD engaged in the following willful and wanton conduct:

   a. Forceful and violently struck ONYSTOK on his arm, tackled him and applied handcuffs, absent any provocation, causing fracture, contusions, swelling and numbness of the Plaintiff's arm;

   b. Caused ONYSTOK to remain in the office of the school for an extended period of time; and

   c. Otherwise acted with reckless disregard for the health, safety, and medical needs of ONYSTOK.

46. As a proximate result of the above-referenced conduct, ONYSTOK sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

**WHEREFORE**, the Plaintiff, JONATHAN ONYSTOK, by and through his attorney, JAMES A. KARAMANIS of ZANE D. SMITH & ASSOCIATES, LTD., demands compensatory damages from Defendant, DAVID BLOOMFIELD. The Plaintiff also demands

punitive damages and costs and whatever additional relief for Plaintiff this Court deems equitable and just.

## COUNT VII
### (State Claim-Willful and Wanton Conduct - Township High School District 211)

47. ONYSTOK re-alleges, restates and incorporates paragraphs 1-46 of this Complaint as if fully set forth herein.

48. At all times material and relevant, the Defendant TOWNSHIP, by and through its security officers, owed ONYSTOK a duty to exercise reasonable care during their interactions with him, including but not limited to, during their detention of the Plaintiff.

49. Notwithstanding said duties, TOWNSHIP, by and through said security officers, engaged in the following willful and wanton conduct:

    a. Forcefully and violently struck ONYSTOK on his arm, tackled him and applied handcuffs, absent any provocation, causing fracture, contusions, swelling and numbness of the Plaintiff's arm;

    b. Caused ONYSTOK to remain in the office of the school for an extended period of time; and

    c. Otherwise acted with reckless disregard for the health, safety, and medical needs of ONYSTOK.

50. As a proximate result of the above-referenced conduct, ONYSTOK sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

**WHEREFORE**, the Plaintiff, JONATHAN ONYSTOK, by and through his attorney, JAMES A. KARAMANIS of ZANE D. SMITH & ASSOCIATES, LTD., demands judgment against TOWNSHIP, and such other additional relief for Plaintiff as this Court deems equitable and just.

## COUNT VIII
### (State Claim-Respondeat Superior)

51. ONYSTOK re-alleges, restates and incorporates paragraphs 1-50 of this Complaint as if fully set forth herein.

52. The Defendant, ERIC WENCKOWSKI, was at all times relevant to this complaint an employee of TOWNSHIP, and engaged in the conduct complained of in the course and scope of his employment and while he was on duty.

53. TOWNSHIP is, and was at all times material to this complaint, the employer and principal of the Defendant, ERIC WENCKOWSKI.

54. The aforesaid acts of ERIC WENCKOWSKI were within the scope of his employment as the Vice Principal of TOWNSHIP, was willful and wanton, and therefore the Defendant, TOWNSHIP, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**WHEREFORE,** the Plaintiff, JONATHAN ONYSTOK, by and through his attorney, JAMES A. KARAMANIS of ZANE D. SMITH & ASSOCIATES, LTD., demands judgment against Defendant, TOWNSHIP, and such other additional relief for Plaintiff as this Court deems equitable and just.

## COUNT IX
### (State Claim-Respondeat Superior)

55. ONYSTOK re-alleges, restates and incorporates paragraphs 1-54 of this Complaint as if fully set forth herein.

56. The Defendant, DAVID BLOOMFIELD, was at all times relevant to this complaint an employee of TOWNSHIP, and engaged in the conduct complained of in the course and scope of his employment and while he was on duty.

57. TOWNSHIP is, and was at all times material to this complaint, the employer and principal of the Defendant, DAVID BLOOMFIELD.

58. The aforesaid acts of DAVID BLOOMFIELD were within the scope of his employment as the Vice Principal of TOWNSHIP, was willful and wanton, and therefore the Defendant, TOWNSHIP, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**WHEREFORE,** the Plaintiff, JONATHAN ONYSTOK, by and through his attorney, JAMES A. KARAMANIS of ZANE D. SMITH & ASSOCIATES, LTD., demands judgment against Defendant, TOWNSHIP, and such other additional relief for Plaintiff as this Court deems equitable and just.

### COUNT X
### (745 ILCS 10/9-102 Claim - Township High School District 211)

59. ONYSTOK re-alleges, restates and incorporates paragraphs 1-58 of this Complaint as if fully set forth herein.

60. The Defendant ERIC WENCKOWSKI was at all times relevant to this complaint an employee of TOWNSHIP, and engaged in the conduct complained of in the course and scope of his employment while he was on duty.

61. TOWNSHIP is, and was at all times material to this complaint, the employer and principal of the Defendant, ERIC WENCKOWSKI.

62. The aforesaid acts of ERIC WENCKOWSKI were within the scope of his employment as the Vice Principal at TOWNSHIP, and under color of the law and therefore the Defendant, TOWNSHIP, as principal, is liable for the actions of its agents under 745 ILCS 10/102.

**WHEREFORE,** should the Defendant, ERIC WENCKOWSKI be found liable for the acts alleged in paragraphs one through sixty-two above, Plaintiff demands that pursuant to 745 ILCS 10/9-102, TOWNSHIP pay any judgment obtained against Defendant, ERIC WENCKOWSKI, in connection with this litigation and such other additional relief for Plaintiff, as this Court deems equitable and just.

## COUNT XI
### (745 ILCS 10/9-102 Claim -Township High School District 211)

63. ONYSTOK re-alleges, restates and incorporates paragraphs 1-62 of this Complaint as if fully set forth herein.

64. The Defendant DAVID BLOOMFIELD was at all times relevant to this complaint an employee of TOWNSHIP, and engaged in the conduct complained of in the course and scope of his employment while he was on duty.

65. TOWNSHIP is, and was at all times material to this complaint, the employer and principal of the Defendant, DAVID BLOOMFIELD.

66. The aforesaid acts of DAVID BLOOMFIELD were within the scope of his employment as the Vice Principal at TOWNSHIP, and under color of the law and therefore the Defendant, TOWNSHIP, as principal, is liable for the actions of its agents under 745 ILCS 10/102.

**WHEREFORE,** should the Defendant, DAVID BLOOMFIELD be found liable for the acts alleged in paragraphs one through sixty-six above, Plaintiff demands that pursuant to 745 ILCS 10/9-102, TOWNSHIP pay any judgment obtained against Defendant, ERIC WENCKOWSKI, in connection with this litigation and such other additional relief for Plaintiff, as this Court deems equitable and just

## COUNT XII
### (Negligent Hiring)

67. ONYSTOK re-alleges, restates and incorporates paragraphs 1-66 of this Complaint as if fully set forth herein.

68. The Defendant, TOWNSHIP, was under a duty to investigate and hire properly trained, qualified and appropriate individuals.

69. The defendant breached its duty in one or more of the following ways:

    a. Failed to conduct criminal background checks on prospective employees they intended to hire as administrative personnel;

  b. Failed to seek character references for the prospective employees they intended to hire as administrative personnel;

  c. Failed to inquired character references about the temperament of prospective employees they intended to hire as administrative personnel;

  d. Hired administrative personnel with inadequate knowledge, training or experience; and

  e. Hired, as administrative personnel, people with violent dispositions.

70. As a direct and proximate result of the aforesaid, Plaintiff suffered injuries of a personal and pecuniary nature, included but not limited to medical expenses, pain and suffering, and physical and emotional trauma, all of which are permanent. Because of the injuries sustained, he was and will be hindered and presented from attending to his usual duties and affairs; and has spent and will spend and become liable for large sums of money, for hospital, and medical services during his recovery.

**WHEREFORE**, the Plaintiff JONATHAN ONYSTOK, by and through his attorney, JAMES A. KARAMANIS of ZANE D. SMITH & ASSOCIATES, LTD., demands judgment against Defendant TOWNSHIP, and such other additional relief for Plaintiff as this Court deems equitable and just.

## COUNT XIII
### (Negligent Supervision/Training)

71. ONYSTOK re-alleges, restates and incorporates paragraphs 1-70 of this Complaint as if fully set forth herein.

72. Defendant TOWNSHIP, was under a duty to properly train and supervise their employees.

73. The Defendant, TOWNSHIP, knew its administrative employees would have to insert themselves in the middle of verbal and physical conflicts in the course of their employment.

74. The Defendant, TOWNSHIP, breached its duty to Plaintiff by one or more of the following acts or omissions:

a. Failed to train its administrative employees in the proper use of physical force;

b. Failed to monitor its administrative employees to ensure that they did not lose emotional control during the performance of their job;

c. Failed to monitor its administrative employees to ensure that they did not apply excessive force to the students; and

d. Was otherwise willful, wanton and careless in its supervision of its employees.

**WHEREFORE**, the Plaintiff, JONATHAN ONYSTOK, by and through his attorney, JAMES A. KARAMANIS of ZANE D. SMITH & ASSOCIATES, LTD., demands judgment against Defendant TOWNSHIP, and such other additional relief for the Plaintiff as this Court deems equitable and just.

Respectfully submitted,
ZANE D. SMITH & ASSOCIATES, LTD.

By: //s/ James A. Karamanis
James A. Karamanis, One of Plaintiff's Attorneys

ZANE D. SMITH & ASSOCIATES, LTD.
415 North LaSalle Street
Suite 501
Chicago, Illinois 60654
Phone: (312) 245-0031