IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JONATHAN ONYSTOK,            )
                             )
            Plaintiff,       )
                             )
    v.                       )    No. 11 C 26
                             )
ERIC WENCKOWSKI, etc., et al.,)
                             )
            Defendants.      )

## MEMORANDUM ORDER

This Court has received the Answer and Affirmative Defenses ("ADs") to the 13-count (!) Complaint filed against defendants by Jonathan Onystok ("Onystok"). This memorandum order has been occasioned by certain of the ADs that are plainly ill-considered.

But before it addresses that subject, this Court is constrained to remark on the violation by Onystok's counsel of the Fed. R. Civ. P. ("Rule") directive for "a short and plain statement." There is really no justification for counsel's having splintered a claim (which is the operative concept for federal pleading purposes) in terms of setting out a whole group of different theories of recovery. Although this Court has no desire to mandate the cutting down of more trees by compelling Onystok's counsel to reshape the Complaint, it directs counsel's attention (1) to the instructive opinion in NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992) and (2) to the limited role prescribed by Rule 10(b) for the pleading of different counts.

To turn to defense counsel's response, it was perforce

required to echo a needless repetition of allegations generated by the already-mentioned form in which the Complaint has been structured. But that format has in turn spawned a multiplicity of ADs, some of which are more than problematic.

ADs 3 through 6 ignore the teaching of Rule 8(c) and the caselaw applying it that a proper AD <u>admits</u> a plaintiff's allegations but goes on to explain why defendant is nonetheless not liable or perhaps may be liable to a lesser extent (as in the case of comparative negligence--see also App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)). In this instance those ADs have flouted that principle, given the fact that the Complaint fairly read charges willful and wanton conduct on the part of defendants. Accordingly those ADs are stricken.[1]

This memorandum order has not sought to be exhaustive, for Onystok's counsel may perhaps perceive other flaws in the responsive pleading and, if so, is free to raise them. Instead what is said here is intended to reduce at least some of the clutter created by both sides' pleading practices.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 7, 2011

---

[1] Defendants lose nothing substantive as a result, for the Answer has put the Complaint's allegations about willfulness and wantonness in issue by denials of those allegations.